UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**MARLON XAVIER REGISTER,**

Petitioner,

v.                                  CASE NO.    3:08-cv-297-J-25TEM
                                                3:00-cr-55-J-25TEM

**UNITED STATES OF AMERICA,**

Respondent.

## O R D E R

Before the Court is the Petitioner's Omnibus Motion for Leave of Court to File-Out-Of-

Time Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. 2)

and Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255

(Dkt.1).

On July 20, 2000, Petitioner was sentenced to 188 months imprisonment for distribution

of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Four of the Indictment), and to 60

months imprisonment for using a firearm during and in relation to the commission of a drug

trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Five of the Indictment), to run

consecutive. Judgment was filed July 24, 2000. Petitioner did not file a direct appeal. Almost

eight (8) years after entry of the judgment, Petitioner seeks leave to file an "out-of time" § 2255

motion,[1] to argue that he is "actually innocent" of the § 924(c) offense charged in Count Five

---

[1]For purposes of the § 2255 motion, Petitioner's conviction became final ten (10) days after the
filing of the judgment on July 24, 2000, when the time for appeal expired. *See* Fed.R.App.P. 4(b)(1);
*Mederos v. United States,* 218 F.3d 1252, 1253 (11th Cir. 2000). Therefore, under the Antiterrorism

because he did not "use" the firearm as defined in *United States v. Bailey*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).[2]

First, even if the § 2255 motion was timely filed, it would be barred by Petitioner's plea agreement, in which he agreed, *inter alia*, to waive his right to appeal, directly or collaterally.[3] Thus, it would be a waste of judicial resources to permit the untimely filing of the instant § 2255 motion. Moreover, if not barred by the valid appeal waiver, Petitioner has not demonstrated that he has been pursuing his claim with due diligence, or that some extraordinary circumstance stood in his way and prevented him from timely filing his § 2255 motion.[4] Therefore, equitable tolling of the AEDPA's one-year statute of limitations would not apply.

Accordingly, it is **ORDERED**:

---

Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from July 24, 2000, or until July 24, 2001, to file a timely § 2255 motion.

[2] In *Bailey*, the Supreme Court concluded that the "use" prong of § 924(c), as distinct from the "carry" prong, required active employment of the firearm. Under *Bailey* "a firearm could be used without being carried, e.g., when an offender has a gun on display during a transaction, or barters with a firearm without handling it." *See Bailey*, 516 U.S. at 146-148, 116 S.Ct., at 501-508.

[3] In his plea agreement, Petitioner agreed to plead guilty to the § 924(c) offense. In doing so, Petitioner acknowledged that he understood the nature and elements of the § 924(c) offense: (1) that he committed the drug trafficking offense charged in Count Four; (2) that he "used a firearm" during and in relation to the drug trafficking offense; and (3) that he "used" the firearm knowingly. Plea Agreement, Cr. Dkt. 35 at 3. Further, Petitioner's plea agreement contained an appeal of sentence waiver provision whereby he waived his right to collaterally attack his sentence except for a few limited grounds which are not present here. *Id.*, at 11.

[4] The Court notes that on or about January 2006, Petitioner sought authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion to raise the following claims: (1) the court erred when it sentenced him pursuant to mandatory guideline as a career offender based on facts not proven to a jury, and (2) the court erred in using possession of cocaine as a predicate offense for a career offender and arrest documents rather than the elements of the offense to sentence him. *See* Cr. Dkt. 51. The Eleventh Circuit denied Petitioner's application as unnecessary because Petitioner had not filed a prior § 2255 motion. *Id.* Even at that time, Petitioner did not seek to challenge his § 924(c) conviction.

1. That Petitioner's Omnibus Motion for Leave of Court to File-Out-Of-Time § 2255 Motion (Dkt. 2) is **DENIED** and the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DISMISSED with prejudice**.

2. The Clerk is directed to enter judgment accordingly and to close this case. A copy of the Judgment and this Order shall be filed in the underlying criminal case, Case No. 3:00-cr-55-J-25TEM.

**DONE AND ORDERED** at Jacksonville, Florida this 28 day of _____, 2008.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Petitioner
Kevin C. Frein, AUSA
Case No. 3:00-cr-55-J-26TEM