UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                            Case No. 3:00-cr-55-HLA-JBT

MARLON XAVIER REGISTER

_____

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE**

The United States of America files this response in opposition to the defendant's motion to terminate his term of supervised release (Doc. 120). For the reasons stated below, the defendant's motion should be denied.

On July 20, 2000, the defendant was sentenced to 188 months in prison for distributing cocaine base ("crack" cocaine) and to 60 months in prison for using a firearm during and in relation to the commission of a drug trafficking crime, said sentences to run consecutively. His sentence including two five-year terms of supervised release to run concurrently. His term of supervised release commenced on May 5, 2018, so he has served less than three years of this term.

In his motion, the defendant seeks early termination of his supervised release because he has maintained employment, has a stable residence, and has "not received any infractions." Doc. 120 at 2. The defendant is being supervised by United States Probation Officer W. Davis in Orlando. Officer Davis reports that the defendant has complied with the conditions of his supervised release.

Title 18, United States Code, Section 3564(c) provides that the Court has authority to terminate the defendant's supervision after one year of supervision if the Court is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. "Supervised release was designed to improve the odds of a successful transition from prison to liberty." *United States v. Perry*, 397 F. App'x 521, 522 (11th Cir. 2010) (citing *Johnson v. United States*, 529 U.S. 694, 708-09 (2000)). "The statute's requirement that courts examine §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), before terminating supervised release, however, indicates that these were not Congress's only goals; the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, and uniformity of sentences among defendants committing the same types of crimes, are all also considerations related to supervised release." *Perry*, 397 F. App'x at 522.

In this case, the defendant's request is wholly insufficient to justify the relief sought. The defendant is not entitled to early termination *simply* because he has been fulfilling the *minimum* conditions of the supervision. This is because "full compliance with the terms of the supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (holding that a defendant is not entitled to early termination simply because he successfully served a portion of his supervised release); *Folks v. United States*, 733 F.

2

Supp. 2d 649, 652 (M.D.N.C. 2010) (holding that a defendant's motion to terminate supervised release is insufficient when a defendant has not proven any unusual or exceptional circumstances to warrant termination and has cited only the passage of time). As succinctly expressed by the Honorable Wm. Terrell Hodges in denying a motion for early termination of supervised release by a criminal defendant:

> A period of supervised release, as a criminal sanction, is a lenient but nonetheless punitive sentence designed in part to serve the interests of retribution, as well as specific deterrence. Ordinarily, therefore, the mere fact that a Defendant has adjusted well and has complied with the terms and conditions of supervised release affords no justification for early termination; some special hardship should be shown that has the effect of rendering the sentence more punitive or more onerous than contemplated by the Court at the time of imposition.

*United States v. Perez*, Case No. 5:96-cr-17-Oc-10GRJ, Doc. 124 (M.D. Fla. 1996). In this case, the defendant has failed to plead or prove any "special hardship" which justifies the relief that he seeks.

On April 8, 2021, the undersigned consulted by telephone with Officer Davis, who advised that the Probation Office opposes the defendant's request for early termination of his supervised release, as a matter of policy, because the defendant was classified as a career offender at sentencing.

3

WHEREFORE, the United States respectfully requests that this Court deny the defendant's motion to terminate his term of supervised release (Doc. 120).

                                        Respectfully submitted,

                                        KARIN HOPPMANN
                                        Acting United States Attorney

By:   *s/ D. Rodney Brown*
       D. RODNEY BROWN
       Assistant United States Attorney
       Senior Litigation Counsel
       Florida Bar No. 906689
       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone: (904) 301-6300
       Facsimile: (904) 301-6310
       E-mail: rodney.brown@usdoj.gov

U.S. v. MARLON XAVIER REGISTER                Case No. 3:00-cr-55-HLA-JBT

# CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, a true and correct copy of this document and the notice of electronic filing were sent by United States Mail to the following:

>Marlon Xavier Register
>510 Grove Avenue
>Orlando, Florida 32805


>*s/ D. Rodney Brown*
>D. RODNEY BROWN
>Assistant United States Attorney